UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE COLOMER HAYLOCK,

    Petitioner,

v.                                              CASE NO. 8:16-cv-1938-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
                                         /

## **O R D E R**

Haylock applies for a writ of habeas corpus under 28 U.S.C. § 2241 and challenges his conviction in 8:11-cr-509-T-23MAP. Haylock claims that the district court lacked jurisdiction and cites *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) (Congress's reach under Maritime Drug Law Enforcement Act cannot include drug trafficking in the territorial water of another nation). The facts in that case are inapposite. Unlike in *Hurtado*, Haylock's vessel, a semi-submersible craft, was interdicted 110 nautical miles east of the Honduran coast in international water of the Caribbean Sea. (Doc. 46, Plea Agreement's factual basis at p.15). *Hurtado* is inapplicable.

Haylock unsuccessfully challenged his conviction and sentence in a motion to vacate under 28 U.S.C. § 2255. (Doc. 107 in 11-cr-509) Haylock admits in his

Section 2241 application that he previously moved to vacate under Section 2255. (Doc. 1 at 3)

Haylock was convicted in 2012 and his several challenges to his conviction and sentence, including a motion to vacate under 28 U.S.C. § 2255, were unsuccessful. A review of the docket in the criminal case shows that Haylock has unsuccessfully appealed the denial of the same claim that Haylock asserts in this new application. (Doc. 118) Having not succeeded under Section 2255, Haylock now attempts to challenge his conviction under Section 2241.

A defendant cannot pursue a second or successive motion under Section 2255 unless he first obtains the circuit court's permission. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). The preclusion barring a second or successive motion applies to this Section 2241 petition even though the earlier action was a Section 2255 motion to vacate. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding that a defendant cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions."). Haylock fails to show that he has obtained permission from the circuit court to file a second or successive motion to vacate. Moreover, a defendant cannot use Section 2241 to pursue a claim that he could have raised under Section 2255. "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of

- 3 -

§ 2255(a), that is, claims concerning execution of his sentence." *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008).

Accordingly, Haylock's application for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.  The clerk must close this case.

ORDERED in Tampa, Florida, on July 15, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE